Peter Willcox-Jones, OSB No. 99397
Email: pwj@cosgravelaw.com
Thomas W. Brown, OSB No. 80177
Email: tbrown@cosgravelaw.com
Lisa Amatangel, OSB No. 141347
Email: lamatangel@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

        Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| NATURAL STRUCTURES, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> PETE VICARI GENERAL CONTRACTOR, L.L.C., a Louisiana limited liability company, <br><br> Defendant. | Case No. 2:15-cv-01763-SU <br><br> **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)** <br><br> **ORAL ARGUMENT REQUESTED** |

**LR 7-1 CERTIFICATION**

Defendant made a good faith effort through telephone conference to resolve the

issues covered by these motions but was unable to do so.

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure (Rule) 56, the court should grant

summary judgment in favor of defendant Pete Vicari General Contractor, L.L.C. (Vicari)

because Vicari lacks sufficient contacts with the State of Oregon to give the court

Page 1 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

personal jurisdiction over it.  Additionally, pursuant to Rule 12 (b)(3), the court should dismiss plaintiff's case because venue in this judicial district is improper or, alternatively, transfer the case to the Eastern District of Louisiana under 28 USC 1631.  Finally, at a minimum, the court should transfer this case to the United States District Court for the Eastern District of Louisiana under 28 USC 1404(a).

## BACKGROUND

In April 2013, Vicari, a general contractor located in Harvey, Louisiana, entered into a contract (the Contract) with the Town of Jean Lafitte, Louisiana (the Owner), to construct the Lafitte Seafood Pavilion (the Project).  Vicari Dec, ¶ 2.  According to the Contract, the Project would consist of three pavilions and cost $3,352,800.  *Id.*  Vicari agreed in the Contract to construct the Project in accordance with contract documents prepared by Meyer Engineers, Ltd., of Metairie, Louisiana (the Architect).  *Id*.

At the Owner's request, the Architect selected plaintiff, Natural Structures, Inc. (Natural Structures) located in Baker City, Oregon, to provide the prefabricated pavilion structures for the Project.  Vicari Dec, ¶ 3.  Accordingly, as obligated by the Contract, Vicari purchased the prefabricated structures from Natural Structures in Oregon and had them shipped to Louisiana for assembly.  *Id*.

On July 9, 2013, Vicari and Natural Structures entered into a purchase agreement (the Agreement) for the three pavilion structures, "per plans and specifications," for $182,092.00.[1]  Complaint, ¶ 2; Vicari Dec, ¶4.  The Agreement provides that it "is to take effect in Louisiana, and is to be governed and controlled by the laws of the State of Louisiana, Parish of Jefferson," Vicari Dec, ¶4, and that "[a]ll materials, workmanship, plant and equipment are subject to the approval of the Architect, Owner, and Contractor," all of whom are located in Louisiana.  *Id*.

---

[1] This amount was later increased by $696.00 by change order one, bringing the total contract price to $182,788.00.  Vicari Dec, ¶4.

Page 2 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

Vicari subsequently received in Louisiana the prefabricated materials from Natural Structures.  Those materials were not "per contract drawings and specs" and not approved by the Architect, Owner, or Contractor.  Specifically, contrary to the Agreement, the materials provided had several significant and costly defects: translucent paint on ten white pavilion columns, strap marks on eleven brown pavilion columns, discolored metal panels on the underside/exposed surface of the pavilion canopy, and the columns on the brown pavilion were too short.  Vicari Dec, ¶5.  In an effort to recoup the cost of the remedial work (which included, among other things: painting the brown columns, painting and repainting the white columns, and replacing the metal panels), Vicari ultimately submitted three additional change orders by mail to Natural Structures in Oregon.  *Id*.  None of these change orders were approved.  *Id*.

On May 21, 2105, before issuance of change order three, Ted Hausotter (Hausotter) of Natural Structures traveled to Louisiana to meet with Vicari, its president, Peter G. Vicari (Mr. Vicari) and the Architect, tour the Project, view the defects on the pavilion roof and columns, and discuss remedial measures.  *Id.* at ¶6.  Hausotter later stated his belief that the scratch lines and marks he saw on the columns resulted from how they were packaged and stored.  *Id*.  Thereafter, all inspections of the materials provided by Natural Structures, all remedial work estimates, and all remedial work were done on site in Louisiana by Louisiana contractors.  *Id*.

Vicari paid Natural Structures $105,306 as required by the Contract and the Agreement.  Complaint, ¶3; Vicari Dec, ¶7.  According to Natural Structures, $77,482 remains outstanding.  Complaint, ¶4, Vicari Dec, ¶7.  Due to delays caused by the deficiencies in Natural Structure's products, the Architect has assessed Vicari $40,500 in liquidated damages.  Vicari Dec, ¶7.

Neither Vicari nor Mr. Vicari are licensed in Oregon; they have never maintained officers or agents in Oregon; they have never traveled to Oregon; they have never advertised in Oregon; they have never sought on their own to obtain work or building

Page 3 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

materials outside of Louisiana, let alone Oregon, except as required by the Contract. Vicari Dec, ¶8.

Vicari and Natural Structures had no contact prior to their involvement in the Project, and contemplated no contact following the Project.  Id. at ¶9.  Vicari's contacts with Natural Structures in Oregon consisted of e-mail and telephone calls to initiate the Agreement, sending four change orders required by the Contract by mail, and follow-up communications with Natural Structures by e-mail and phone to discuss the required remedial work.  *Id*.

## DISCUSSION

**A.    Motion For Summary Judgment:  Lack of Personal Jurisdiction**

**1.    Standards for summary judgment**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."  Rule 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 US 317, 323, 106 S Ct 2548, 91 L Ed 2d 265 (1986).

The court must view the evidence in the light most favorable to the non-moving party. *Bell v. Cameron Meadows Land Co*., 669 F2d 1278, 1284 (9th Cir 1982). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valandingham v. Bojorquez*, 866 F2d 1135, 1137 (9th Cir 1989).  Where different ultimate inferences may be drawn, summary judgment is inappropriate.  *Sankovich v. Life Insurance Co. Of North America*, 638 F2d 136, 140 (9th Cir 1981).

Deference to the non-moving party does have some limit. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e).

Page 4 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

The "mere existence of a scintilla of evidence in support of the plaintiff's position would be insufficient." *Anderson v. Liberty Lobby Inc.*, 477 US 242, 252, 106 S Ct 2505, 91 L Ed 2d 202 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 US 574, 587, 106 S Ct 1348, 1356, 89 L Ed 2d 538 (1986).

### 2.    Personal jurisdiction principles

In diversity cases, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over a nonresident defendant. *Western Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F Supp 1486, 1489 (D Or 1989); *see also Boschetto v. Hansing*, 539 F3d 1011, 1015 (9th Cir 2008) ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure (ORCP) 4 governs personal jurisdiction issues in Oregon. Because Oregon's long-arm statute, ORCP 4L, confers jurisdiction to the extent permitted by due process, *Ranza v. Nike, Inc.*, 793 F3d 1059, 1068 (9th Cir 2015) (citing ORCP 4L), the court's analysis whether it has personal jurisdiction over a nonresident defendant is the federal due process analysis. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F3d 1122, 1129 (9th Cir 2003) (when state long arm statute reaches as far as the Due Process Clause, court need only analyze whether the exercise of jurisdiction complies with due process); *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F Supp 2d 907, 909 (D Or 1999) (same).

To comport with due process, a nonresident defendant must "'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ranza*, 793 F3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945)). "The strength of contacts required depends on which of the two categories of

Page 5 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Id.* (citing *Daimler AG v. Bauman*, ___ US ___, 134 S Ct 746, 754, 187 L Ed 2d 624 (2014)).

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 US 408, 414 n 8, 104 S Ct 1868, 80 L Ed 2d 404 (1984).  It "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___US ___, 131 S Ct 2846, 2851, 180 L Ed 2d 796 (2011) (alterations and internal quotation marks omitted). *See also Asahi Metal Indus. Co. Ltd. v. Superior Court of Cal.*, 480 US 102, 112, 107 S Ct 1026, 94 L Ed 2d 92 (1987) (for "specific jurisdiction," the connection between defendant and the forum state must come about "*by an action of the Defendant purposefully directed toward the forum State.*") (emphasis in original).

General jurisdiction permits a court to hear "any and all claims" against a defendant, whether or not the conduct at issue has any connection to the forum. *Id.*; *see also Martinez v. Aero Caribbean*, 764 F3d 1062, 1066 (9th Cir 2014). ("[G]eneral jurisdiction ... allows a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (internal citations and quotation marks omitted)).  Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an "exacting standard" for the minimum contacts required. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F3d 1066, 1074 (9th Cir 2011). "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 134 S Ct at 758 n 11 (citations, internal quotation marks and alterations omitted).  Such contacts must be "constant and

Page 6 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

pervasive." *Id.* at 751. "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza*, 763 F3d at 1069 (citing *Daimler*, 134 S Ct at 760). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F3d at 1070 (citing *Daimler*, 134 S Ct at 761 n 19).

3.    **Application of personal jurisdiction principles**

a.    **No specific jurisdiction exists**

In specific jurisdiction cases, a court has jurisdiction over the specific case before it "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F3d 267, 270 (9th Cir 1995). The court applies the following test in making that determination:

> (1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) Exercise of jurisdiction must be reasonable.

*Panavision Int'l L.P. v. Toeppen*, 141 F3d 1316, 1320 (9th Cir 1998). "The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto v. Hansing*, 539 F3d 1011, 1016 (9th Cir 2008).

i.    **Vicari did not purposefully avail itself of the privilege of conducting activities in Oregon, thereby invoking the benefits and protections of its laws**

Vicari did not seek out the privilege of doing business in Oregon, nor did it perform any services here. Vicari Dec, ¶8. Rather, Vicari was required by the Contract

Page 7 - DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)

245745

to obtain building materials from Natural Structures, which happened to be located in Oregon. *Vicari Dec*, ¶¶3, 8. For that reason alone, Vicari and Natural Structures executed the Agreement. *Id.* at ¶¶3, 4. Indeed, Vicari and Natural Structures had no contact prior to their involvement in the Project, and contemplated no contact following the Project. *Id.* at ¶9. Moreover, Vicari's contacts with Natural Structures in Oregon consisted solely of e-mail and telephone calls to initiate the Agreement, sending four change orders by mail as required by the Contract, and follow-up communications with Natural Structures by e-mail and phone to discuss needed remedial work. *Id*. And finally, the Agreement did <u>not</u> invoke the benefits or protections of Oregon laws -- it took effect in Louisiana and is governed by Louisiana law. *Id.* at ¶4.

In sum, Vicari's contacts with Oregon are "attenuated contacts" insufficient to establish its purposeful availment of the benefits and protections of Oregon law. *See Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F2d 758, 760-61 (1990) (defendants' contacts with Oregon in entering contract for sale of filter was insufficient to justify the exercise of personal jurisdiction); *see also Siskiyou Props., LLC v. Bennett Holdings, LC*, 13 Fed Appx 553, 555-56 (9th Cir 2015) (affirming motion to dismiss for lack of personal jurisdiction where Idaho company did not purposefully avail itself of privilege of doing business in Oregon by soliciting bids, initiating phone calls and mail, or entering contract for sale). Accordingly, the first specific jurisdiction factor supports Vicari's summary judgment motion.

> ### ii.    Natural Structures' claim does not arise out of or result from activities conducted by Vicari in Oregon

Natural Structures seeks a money judgment for Vicari's breach of contract relating to materials Natural Structures sent to Louisiana. Complaint, ¶¶2-4. As noted previously, all of the events giving rise to the alleged breach of contract took place in Louisiana: the inspection of Natural Structure's materials, the assessment of remedial

Page 8 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

work required to cure deficiencies, and the remedial work itself. *Id*. at ¶5-6. Moreover, all of the Natural Structures' materials at issue are now installed in Louisiana. *Id*. at 6. And, finally, when Hausotter sought to assess the claimed deficiencies in Natural Structures' materials, he traveled to Louisiana to see them, *id.*, and concluded that defects in the white columns were caused in part by how they were stored at the job site in Louisiana. *Id*.

In sum, Natural Structures' claim arises from events that occurred in, and products that exist in, Louisiana. Natural Structures' claim does not arise from events in Oregon. Thus, the second specific jurisdiction factor supports Vicari's summary judgment motion.

### iii.    The exercise of jurisdiction over Vicari would be unreasonable

The court considers seven factors in weighing the reasonableness of personal jurisdiction:

(1)    the extent of the defendants' purposeful interjection into the forum state's affairs;

(2)    the burden on the defendant of defending in the forum;

(3)    the extent of conflict with the sovereignty of the defendants' state;

(4)    the forum state's interest in adjudicating the dispute;

(5)    the most efficient judicial resolution of the controversy;

(6)    the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7)    the existence of an alternative forum.

*Mattel*, 354 F3d at 866-67; *see also Gray*, 913 F2d at 761 (finding jurisdiction not reasonable in similar factual circumstances).

Page 9 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

Here, none of the factors support a conclusion that exercising jurisdiction over Vicari would be reasonable because:

1.      As noted, Vicari's purposeful interjection into Oregon was not voluntary and, in any event, minimal.

2.      The burden on Vicari to defend in Oregon would be considerable.  All of the witnesses that have information about the appropriateness and condition of Natural Structures' products upon arrival in Louisiana, what Vicari (and others) did with those materials after they arrived, and the work needed to bring those materials into compliance with the Agreement and the Contract, are located in Louisiana, including:

- The six employees of Vicari who are most knowledgeable about the Project and the dispute at issue (Peter G. Vicari, President; Peter J. Vicari, General Manager/Estimator and Project Manager; James "Tripp" Rabalais, General Manager and Project Manager; Bridgette Saddler, Project Secretary; Mindy Bruce, Project Secretary; Gary Stute, Project Superintendent);

- The five employees of Meyer Engineering who are most knowledgeable about the Project and the dispute at issue (Rick Meyer, Jimmy Papia, Elena Anderson, Jimmy Ray, and Dan Castrillo);

- The two employees of Galaforo Construction who are most knowledgeable about the Project and the dispute at issue, and who conducted remedial work at the Project site (Paul Galaforo, Owner, and Frank Galaforo, Foreman);

- The employee of A-1 Steel Erectors, Inc. who is most knowledgeable about the Project and the dispute at issue, and who installed the Natural Structures products (Bobby Matherne, Owner).

Vicari Dec, ¶10.  Furthermore, as noted, all of the materials provided by Natural Structures are located and now installed in Louisiana.  Vicari Dec, ¶6.  It would be a considerable and costly effort to disassemble and transport pieces of the defective

Page 10 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

materials to Oregon for trial, or to attempt to recreate a model of the job site and pavilions, versus conducting a site visit if any trial were held in Louisiana.[2]

3.      Vicari's principal place of business, Louisiana, has a superior interest in adjudicating this case, since the Agreement is governed by Louisiana law.  Vicari Dec, ¶4.

4.    The Eastern District of Louisiana stands to provide the most efficient judicial resolution of this this case.  The June 2015 statistics maintained by the United States Courts show that the median time from filing to disposition of a case is shorter in the Eastern District of Louisiana (15.6 months) than in the District of Oregon (23.4 months).  http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3 (last visited November 12, 2015).  The Eastern District of Louisiana also handles fewer total filings per judge (336) than the District of Oregon (531), and fewer civil filings per judge (289 versus 376).  *Id.*

5.      Oregon's interest in the case is minimal given that it does not involve an ongoing business relationship between Natural Structures and Vicari, *see Gray*, 913 F2d at 76 (supporting conclusion), or any prior –- or planned future — business in Oregon by Vicari.

6.      The Eastern District of Louisiana is an ideal alternate forum, since the Agreement is governed by Louisiana law, and that is where (a) the materials were received, inspected, repaired and installed, (b) the Project job site is located, and (c) the vast majority of witnesses reside.  Vicari Dec, ¶¶2, 10.

The third specific jurisdiction factor thus supports Vicari's summary judgment motion.

---

[2] The distance from the United States District Court for the Eastern District of Louisiana to the Project is approximately 22 miles, roughly a 30-35 minute drive.  Vicari Dec, ¶11.

Page 11 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

### iv.    Summary of specific jurisdiction analysis

In sum, all of the factors for deciding whether specific jurisdiction exists support

answering that question "no."  Accordingly, Vicari's motion for summary judgment

should be granted.

### b.    No general jurisdiction exists

As noted previously, "general jurisdiction requires affiliations so continuous and

systematic as to render the foreign corporation essentially at home in the forum State,

*i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 134 S Ct at 758 n 11

(citations, internal quotation marks and alterations omitted).  Such contacts must be

"constant and pervasive." *Id.* at 751.  "The paradigmatic locations where general

jurisdiction is appropriate over a corporation are its place of incorporation and its

principal place of business." *Ranza*, 763 F3d at 1069 (citing *Daimler*, 134 S Ct at 760).

Here, plaintiff does not allege, nor can it prove, the facts necessary to establish

that Vicari is "essentially at home" in Oregon, for example:

- Vicari is a Louisiana company with its principal place of business in Louisiana.  Vicari Dec, ¶1.

- Neither Vicari nor its owner, Mr. Vicari, are licensed in Oregon, have ever advertised in Oregon or otherwise sought or performed any work in Oregon.  Vicari Dec, ¶8.

- Vicari did not choose to order building materials from Natural Structures, but was instead obligated to do so under its contract with the Owner.  Vicari Dec, ¶¶3, 8.

- Vicari has never maintained officers or agents in Oregon.  Vicari Dec, ¶8.

- Vicari's owner, Mr. Vicari, has never been to Oregon.  Vicari Dec, ¶8.

For the foregoing reasons, no basis for general jurisdiction exists. *Daimler*, 134 S Ct at

758 n 11 (citations, internal quotation marks and alterations omitted).

Page 12 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

### c.  Summary of personal jurisdiction analysis

The material facts, even viewed in Natural Structures' favor, do not support that

the court has either specific or general jurisdiction over Vicari.  Accordingly, Vicari's

summary judgment motion should be granted.

## B.  Motion to Dismiss:  Improper Venue

### 1.  Motion to dismiss standard

The plaintiff bears the burden to establish venue is proper.  *Design Res., Inc. v.*

*Leather Indus. of Am., Inc., No*. C09–611RSM, 2010 WL 342181, at *1 (WD Wash Jan

21, 2010) (citing *Piedmont Label Co. v.. Sun Garden Packing Co.*, 598 F2d 491, 496

(9th Cir1979)).  "When deciding a motion under [Rule] 12(b)(3), the Court need not

accept the pleadings as true, and may consider facts outside of the pleadings."  *Id.* at *2

(citing *Argueta v. Banco Mexicano, S.A.,* 87 F3d 320, 324 (9th Cir 1996)).

### 2.  Relevant proper venue principles

28 USC 1391(b)(2) provides that "A civil action may be brought in  . . . a judicial

district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated".

Accordingly, in order for venue to be proper under 28 USC 1391(b)(2), a "substantial

part of the events or omissions" giving rise to Natural Structures' claim against Vicari

must have occurred in Oregon, or Oregon must be the place where "a substantial part

of property that is the subject of the action is situated."  *Id.*

### 3.  Application of relevant proper venue principles

As detailed above, nearly all of the relevant events and acts giving rise to

plaintiff's claim against Vicari did not occur in Oregon, but instead occurred in Jefferson

Page 13 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

County, Louisiana, and all of the property that is the subject of the case is situated in Jefferson County, Louisiana.  Venue in this judicial district is improper.  Accordingly, the court should grant Vicari's motion to dismiss.

**C.    Motion to Transfer Case to the Eastern District of Louisiana:  28 USC 1631**

**1.    Relevant legal principles**

Pursuant to 28 USC 1631, if a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer the action to any other court in which the action could have been brought at the time it was filed.  28 USC 1631; *see Miller v. Hambrick*, 905 F2d 259, 262 (9th Cir 1990) (so stating).  Normally transfer will be in the interest of justice because generally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating.  *Miller*, 905 F2d at 262.

**2.    Application of relevant legal principles**

Here, as noted, the court lacks personal jurisdiction over Vicari and venue in this judicial district does not properly exist.  However, also for the reasons already noted, this case could have been brought in the United States District Court for the Eastern District of Louisiana.  *See* 28 USC 1391(b)(1) ("A civil action may be brought in  . . . a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located").  Accordingly, in lieu of dismissing this case, the court may transfer it to the Eastern District of Louisiana under 28 USC 1631.

////

////

////

Page 14 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

**D.    Alternative Motion to Transfer Case to the Eastern District of Louisiana: 28 USC 1404(a)**[3]

**1.    Applicable legal principles**

Even if the court concludes that it has personal jurisdiction over Vicari, and that venue is proper in this judicial district, 28 USC 1404(a) (Section 1404(a)) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil litigation to another court or division where it might have been brought."  28 USC 1404(a).  The purpose of the Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citation and quotation marks omitted).  A motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff.[4]  *Dunn & Fenley, LLC, v. Diederich*, 2010 WL 28662, *2 (D Or Jan 5, 2010) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 297, 100 S Ct 559, 62 L Ed 2d 490 (1980)); *see also Sparling v. Hoffman Constr. Co.*, 864 F2d 635, 639 (9th Cir 1988) (recognizing that district courts have broad discretion to transfer a case to another venue).  In making that decision, the court weighs relevant private and public factors.  *Doe v. Corporation of the Ass'n of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 2009

---

[3]    In order for a court to entertain a motion to transfer, the moving party must first establish that the transferee district is a district or division where the lawsuit might have originally been brought.  28 USC 1404(a).  That is, the court must conclude that the court in the transferee district would have jurisdiction over the subject matter and that venue would be proper in that court.  *Hoffman v. Balski*, 363 US 335, 343-44, 80 S Ct 1084, 4 L Ed 2d 1254 (1960).  As discussed previously, the Eastern District of Louisiana is a district where this action could have originally been brought by Natural Structures.

[4]    A plaintiff's choice of forum is generally accorded great weight.  However, a plaintiff's choice of forum may receive less weight "if the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Partney Const., Inc. v. Ducks Unlimited, Inc.*, No. CIV. 08–574–SU, 2008 WL 4838849, at *2 (D Or Nov. 3, 2008) (citing *Pacific Car & Foundry Co. v. Pence*, 403 F2d 949, 954 (9th Cir 1968)).

Page 15 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

WL 2132722, *2 (D Or July 9, 2009); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir 1986) (reflecting same principle).

### 2. Application of legal principles

#### a. The private factors weigh in favor of transfer to the Eastern District of Louisiana

When determining whether transfer is appropriate, the court considers private factors, including: (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of a case expeditious and inexpensive. *Decker Coal Co.*, 805 at F2d at 843; *Dunn*, 2010 WL 28662 at *2.

As discussed previously, each of these private factors favors transfer to the Eastern District of Louisiana -- the witnesses who received, inspected, handled, and installed the materials at issue are located in Louisiana, all of the witnesses who provided estimates to correct the deficiencies and who performed that work are located in Louisiana, and all of the materials at issue are installed at the job site in Louisiana.

#### b. The public factors weigh in favor of transfer to the Eastern District of Louisiana

When determining whether transfer is appropriate, the court also considers public factors, including: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on people of a community that has no relation to the controversy; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; and (5) the avoidance of unnecessary problems in conflicts of law. *See Dunn,* 2010 WL 28662 at *2 (confirming factors).

Again, each of these factors favors transfer of this case to the Eastern District of Louisiana. As noted above, the Eastern District of Louisiana is less congested than the

Page 16 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

District of Oregon.  Moreover, jurors in Louisiana would have a far greater relation to and interest in this case since the seafood pavilion is located in Louisiana.  And all material events occurred in Louisiana, and all materials at issue exist there.  Accordingly, the Eastern District of Louisiana has a far greater interest in hearing the controversy than this judicial district.

### c.  Summary of Section 1404(a) analysis

In sum, both the relevant private and public factors support the court exercising its discretion to transfer this case to the Eastern District of Louisiana.  Accordingly, at a minimum, Vicari's motion to transfer venue under 28 USC 1404 should be granted.

<b>CONCLUSION</b>

For the foregoing reasons, the court should:

1.     Grant summary judgment in favor of Vicari because personal jurisdiction does not exist over Vicari in Oregon.

2.     Grant Vicari's motion to dismiss because venue here is improper.  Alternatively, because the court lacks personal jurisdiction over Vicari, the court should transfer this case to the United States District Court for the Eastern District of Louisiana pursuant to 28 USC 1631.

////

////

////

////

////

////

Page 17 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

3.       At a minimum, grant Vicari's motion to transfer the case to the Eastern District of

Louisiana pursuant to 28 USC 1404(a)

       DATED: November 16, 2015

                                      COSGRAVE VERGEER KESTER LLP


                                    /s/ Lisa Amatangel
                                    Peter S. Willcox-Jones, OSB No. 99397
                                    Thomas W. Brown, OSB No. 80177
                                    Lisa Amatangel, OSB No. 141347
                                    Telephone: (503) 323-9000
                                    Fax: (503) 323-9019
                                    Email: pwj@cosgravelaw.com
                                                 tbrown@cosgravelaw.com
                                                 lamatangel@cosgravelaw.com
                                    Of Attorneys for Defendant

Page 18 - **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL
JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR, ALTERNATIVELY, TO TRANSFER
CASE UNDER 28 USC 1631; AND MOTION TO TRANSFER VENUE UNDER 28 USC 1404(a)**

245745

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (LACK OF PERSONAL**

**JURISDICTION); MOTION TO DISMISS (IMPROPER VENUE) OR,**

**ALTERNATIVELY, TO TRANSFER CASE UNDER 28 USC 1631; AND MOTION**

**TO TRANSFER VENUE UNDER 28 USC 1404(a)** on the date indicated below by:

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification.

Floyd C. 'Charlie' Vaughan III
Silven, Schmeits & Vaughan
1950 Third Street
PO Box  965
Baker City, OR 97814

Brent H. Smith
Baum Smith LLC
1902 Fourth Street
PO Box 967
La Grande, OR 97850

Of Attorneys for Plaintiff

DATED:  November 16, 2015


 /s/ Lisa Amatangel
Peter S. Willcox-Jones
Thomas W. Brown
Lisa Amatangel

Page 1 - **CERTIFICATE OF SERVICE**

2475745.docx